UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL J. GOULD,

      Plaintiff,

v.                               Case No. 5:12cv185/MP/CJK

DR. N.B. GILO, et al.,

      Defendants.
_____/

REPORT AND RECOMMENDATION

      Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  Upon initial review of the complaint, the court found that the facts, as presented, failed to support a viable § 1983 claim against the named defendants.  The court also found that that plaintiff appeared to be precluded from recovering the relief he sought.  The court thus provided plaintiff an opportunity to correct the deficiencies and clarify his allegations in an amended complaint.  Upon review of plaintiff's amended complaint, in which plaintiff essentially reiterates the allegations set forth in his initial complaint, the court concludes that this case should be dismissed for failure to state a claim because plaintiff has not presented a plausible claim for relief against the named defendants.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections, currently confined at Blackwater River Correctional Facility.  *See* doc. 47.  At the time of the events giving rise to his complaint, plaintiff was confined at Northwest Florida Reception Center.  *See* docs. 1, 47.  In his amended complaint, plaintiff names four defendants, all of whom are officials at Northwest Florida Reception Center: Dr. N.B. Gilo, Dr. E. Louis, Nurse Smiley, and Warden William Churchwell.  *See* doc. 43. Plaintiff alleges that he was denied "life sustaining medication, needed medical treatments, medical therapies, and medical passes repeatedly over a three year period."  According to plaintiff, "[p]rescriptions, passes for therapeutic diets, and treatments were intentionally stopped so they could rack up fraudulent Medical Co-Pay charges to re-start the medical needs" and punish him.[1]  He also complains about

---

[1] Specifically, the plaintiff alleges that Dr. Gilo denied him needed medication, therapies, and passes, intentionally causing lasting and, in some cases, permanent damage to him.  According to plaintiff, "[m]ost if not all of the denials were used as grievance retaliation for written grievances. Forced repeated sick-call visits and their subsequent medical co-pay charges were used to try to hide the fact that the problems were caused on her instructions." Plaintiff claims that "[w]hen knowledge of a court action became known, [Dr. Gilo] tried to erase the documented proof in the medical file causing [him] further and permanent problems . . . even after being moved to another prison." Plaintiff alleges that Dr. Louis "[r]efused medically needed prescriptions and treatments for the sole reason that he didn't want to check the medical file that was right in front of him.  He refused to issue a Cold intolerance because, he claimed, that would mean that he would have to write one for anyone else that had the same thyroid disease." Plaintiff further clams that Dr. Louis  prescribed him an ineffective GERD medication that causes headaches.  Plaintiff contends that Nurse Smiley denied him "2 Declared Medical Emergencies that were caused by the fact that she wrongfully denied the needed Therapeutic diet pass" and "knowingly and intentionally refused numerous needed pass refills or delayed refills so that the refilled [*sic*] had to be done by repeated sick-call visits."  Plaintiff alleges that Nurse Smiley "purposefully left [him] off the callout on two occasions for the purpose of letting the diet inmates know of changes" and then "forced [him] to sign papers stating he received instructions he did not received [*sic*] on threat of losing the needed diet pass.  All right before the said rules were used to strip [him] of the diet pass."  Plaintiff seeks to hold Warden

the grievance procedure and accuses the medical department of falsehoods and deception and the administration of failing to investigate his complaints.  Finally, he contends that he was retaliated against and intimidated by prison officials because he filed grievances.  Plaintiff asserts a claim for violation of his rights under the Eighth Amendment to the United States Constitution.  "To keep this suit in this Court's Jurisdiction under the Diversity jurisdiction rule," he seeks $75,000 "for the accumulated loss of property caused by the intentionally forced fraudulent sick-calls and their subsequent co-pays," as well as the "permanent damage to [his] Digestive System caused by the repeated denials of thyroid medication . . . permanent damage (hearing loss) done to [his] ear caused by repeatedly prescribing the wrong medications and delaying correct medications leaving [him] with the infection to continue damaging the ear," "continuing problems caused by the sabotage done to [his] medical file when [Dr. Gilo] attempted to strip all the evidence of her actions from the file," "refusing to have any kind of investigation into the grievance process," and "giving the parties ultimate authority to continue the negligence, the malicious Grievance Retaliation and Denials of medications and treatments."  Plaintiff also seeks an order requiring all needed medications and passes.

## DISCUSSION

"Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (*citing Whiting v. Traylor*, 85 F.3d 581,

---

Churchwell responsible for the acts of his subordinates, claiming they were done with his "knowledge and approval" and pursuant to the authority he conferred on them. Plaintiff also seeks to hold Warden Churchwell liable for failing to investigate his grievances, denying him protective custody, and "set[ting] in motion the protection of gang members who tried to kill [him]."

583 (11th Cir. 1996)). "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (*citing Almand*, 103 F.3d at 1513). Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); however, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal citations omitted).

To prevail on an Eighth Amendment deprivation of medical care claim, a prisoner must prove three elements. First, the plaintiff must demonstrate "an objectively serious medical need" so grave that, "if left unattended, [it] poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal marks omitted). The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor*, 221 F.3d at 1258. "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). Deliberate indifference is established only when the plaintiff demonstrates that the official knew of and

disregarded an excessive risk to his health or safety; in other words, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)*.*  The official's response must have been so inadequate as to "constitute an unnecessary and wanton infliction of pain" and not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, 221 F.3d at 1258. Notably, where the inmate received medical attention and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris*, 941 F.2d at 1507 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)); *see also Woody v. Cronic*, 401 Fed. Appx. 509, 512 (11th Cir. 2010) (unpublished opinion) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference."). Indeed, a difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Harris*, 941 F.2d at 1505; *Waldrop*, 871 F.2d at 1033; *Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[2]  In order to satisfy the final element of an Eighth Amendment claim, a plaintiff must show that the official's deliberate indifference caused his injury. *Taylor*, 221 F.3d at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Here, plaintiff has failed to allege facts sufficient to satisfy each element of an Eighth Amendment claim for deliberate indifference to a serious medical need. First, plaintiff has failed to adequately plead an objectively serious medical need that, if left unattended, would pose a substantial risk of serious harm. Plaintiff contends that he has hypothyroidism, cold intolerance (which he attributes to hypothyroidism), gastroesophageal reflux disease ("GERD"), and inflammatory bowel disease ("IBD"). Plaintiff additionally complains of inadequate treatment of "athlete foot's fungus" and an ear infection. Plaintiff, therefore, has alleged that he suffers or has suffered from several medical conditions that can cause varying degrees of discomfort if not properly treated; plaintiff has not shown, however, that any of his alleged conditions, even if left untreated, would pose a substantial risk of serious harm to him. Second, plaintiff has pled no facts indicating that the defendants were aware of and disregarded a substantial risk of serious harm. To the contrary, although plaintiff contends that he was denied needed medications, diet passes, and treatment, he acknowledges that he received care once he followed up with a sick call visit.[3] At most, plaintiff's allegations may give rise to an inference of negligence; such an inference, however, will not support an Eighth Amendment claim for deliberate indifference. Even if plaintiff could establish that one or more of the defendants deliberately denied him necessary care, in order to prevail on his claim, he must establish that the denial had a detrimental effect on his condition. The plaintiff has failed to make such a showing. He has not alleged exacerbation of his conditions or

---

[3] Plaintiff repeatedly complains, however, about having multiple sick-call visits and having to pay a co-pay each time.

more than *de minimis* injury resulting from any of the defendants' alleged acts or omissions.[4]

To the extent plaintiff seeks to hold any of the medical defendants liable for negligence, medical fraud, malicious intent, or falsifying medical records, such claims are not cognizable under § 1983, which requires a constitutional violation. *See, e.g., Daniels v. Williams*, 474 U.S. 328, 333 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or  property."); *Rivas v. Freeman*, 940 F.2d 1491, 1496 (11th Cir. 1991) ("To successfully litigate a lawsuit for deprivation of constitutional rights under 42 U.S.C. section 1983, a plaintiff must show violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights.  The negligent act of an official causing unintended loss or injury to life, liberty or property does not implicate due process rights under 42 U.S.C. § 1983.") (internal  marks  omitted); *Martinez  v.  Hiland*, No.  5:13CV-P182-R, 2014  WL 1686818, at *5 (W.D. Ky. April 29, 2014) (finding that plaintiff failed to state an Eighth Amendment claim based on the imposition of a $3.00 co-pay because he complained only about having to pay the fee and did not allege that he was denied treatment or otherwise injured as a result of a failure to pay).  Plaintiff also has failed to plead a cognizable retaliation claim.  As the Eleventh Circuit recently explained,

---

[4] Notably, with the exception of unspecified damage to his digestive system caused by the denial of thyroid medication and unspecified hearing loss caused by an improperly treated ear infection, plaintiff has not alleged any injury resulting from the alleged lack of treatment.  Based on plaintiff's allegations, the undersigned cannot conclude that either alleged injury is more than *de minimis*. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated, in part, on other grounds*, 216 F.3d 970 (11th Cir. 2000) (*en banc*) (holding that, in order to recover damages under 42 U.S.C. §§ 1983, "the physical injury must be more than *de minimis*, but need not be significant").

in order for an inmate to prevail on such a claim, he must establish that "(1) he engaged in constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013). Plaintiff has not alleged that the defendants' retaliatory acts had any bearing on his constitutionally protected conduct, much less that there is a causal connection between the two. Based on the allegations in his complaint, therefore, plaintiff has failed to plead an actionable claim against the medical defendants.

As to the non-medical defendant, although plaintiff names Warden Churchwell as a defendant in this action, he has pled no facts whatsoever implicating Churchwell in any alleged constitutional violation. To the extent plaintiff seeks to hold Churchwell responsible for the acts of his subordinates, such claim fails as a matter of law. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks and citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown*

*v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).  In *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), the Eleventh Circuit specified the circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim, as follows:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (citing *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Plaintiff presents no such allegations against Churchwell.

Not only has plaintiff failed to state a viable claim against the defendants, but he also is not entitled to the relief he seeks.  According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody.  Plaintiff's damages claims balances precariously upon the alleged unconstitutional conduct itself (divorced from any mental or emotional injury plaintiff suffered); in other words, as set forth above, plaintiff does not allege any physical

injury that is more than *de minimis*. In fact, rather than predicating his damages claim on an actual physical or emotional injury, plaintiff seeks damages in an amount that will allow him to "keep this suit in this Court's jurisdiction." Accordingly, plaintiff is prohibited under the PLRA from recovering the compensatory damages he seeks. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). Moreover, plaintiff's request for declaratory and/or injunctive relief is moot because plaintiff is no longer housed at Northwest Florida Reception Center, where the defendants are located and the alleged acts and/or omissions giving rise to plaintiff's claims occurred. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986).

Accordingly, it is respectfully RECOMMENDED:

1.   That this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).